**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

DANIEL TAYLOR on his own behalf and others
similarly situated,

                Plaintiff,

-vs-                                                Case No. 2:09-cv-50-FtM-29SPC

ADVANCED QUALITY TRANSPORTATION
SERVICE, INC. d/b/a Advanced Quality Transport
Service,

                Defendant.
_____

## AMENDED REPORT AND RECOMMENDATION[1]

This matter comes before the Court on the Joint Motion for Approval of Settlement Agreement (Doc. #30) filed on February 3, 2010, and the Plaintiff, Daniel Taylor's Motion for an Award of Attorney's Fees and Costs (Doc. #34) filed on March 11, 2010. The Defendant filed its Response in Opposition (Doc. # 36) on March 13, 2010. The Motion is now ripe for review.

## FACTS

The Plaintiff filed a one count lawsuit alleging the Defendant intentionally and willfully violated the overtime provisions of the Fair Labor Standard's Act (FLSA). The Plaintiff alleged that he was not paid overtime for the hours he worked in excess of forty (40) hours per week. The Plaintiff estimated that he was owed $5,350.00 in unpaid overtime and liquidated damages. (Doc.

---

[1]This Report and Recommendation is amended only to include the recommendation on the Joint Motion to Approve Settlement (Doc. #30)as it was included in the reasoning of the previous Report and Recommendation.

# 19, Ex. 1, Question # 6). On September 18, 2009, the matter was settled with the Plaintiff accepting $1,500.00 payable over a period of five (5) months at $300.00 per month. The Parties filed the Joint Motion for Approval of Settlement Agreement (Doc. #30), pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982)

However, the Parties continue to disagree regarding the amount of attorney's fees. The Defendant states they offered to settle the matter in June of 2009 for $5,000.00, including attorney's fees but the Plaintiff's Counsel rejected the offer without ever consulting with the Plaintiff. The Plaintiff's Counsel stated that she would accept $4,500.00 on September 29, 2009, $6,500.00 in February of 2010, and currently is now seeking $9130.25 in fees and $530.00 in costs. The Parties therefore, submitted the settlement agreement to this Court for approval moving the Court to retain jurisdiction over the attorney's fees and costs.

## DISCUSSION

The Court has two issues before it at this time: (1) Whether the Settlement Agreement is fair and should be granted and approved and (2) Whether the attorney's fees and costs are fair and reasonable.

### *(1) Whether the Settlement Agreement is Fair*

This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. The Parties have reached a settlement agreement and seek court approval of that agreement. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."

Because the Plaintiff has agreed that the settlement figure of $1,500.00 was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA. Thus, the Joint Motion for Approval of Settlement Agreement (Doc. #30) should be granted and the Settlement Agreement should be approved.

### *(2) Whether the Attorney's Fees and Costs are Fair and Reasonable*

The FLSA requires a court to award prevailing employees reasonable attorney's fees and costs in unpaid overtime wages cases. Moon v. Technodent National, Inc., 2009 WL 111678 * 4 (M.D. Fla. January 15, 2009). Twenty-nine U.S.C. § U.S.C. § 216(b) provides in relevant part, "the court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Id. at n. 3. While the award itself is mandatory, the determination of the amount to be awarded is ultimately within the sound discretion of the trial court. Moon, 2009 WL 111678 at * 4.

In fee-shifting statutes such as the FLSA, "the lodestar generally is recognized as a reasonable fee." Id. (citing Peet v. C & S Building Maintaince . Corp., No. 8:07-cv-1762-T-30TGW, 2008 WL 912431, at *1 (M.D.Fla. Apr.1, 2008) (citing City of Burlington v. Dague, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992)). The Court calculates the "lodestar" by "multiplying the number of hours reasonably expended by a reasonable hourly rate." Moon, 2009 WL 111678 at * 4. A reasonable hourly rate is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."Id. (citing Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th

Cir.1988)). In making its determination as to whether the requested amount of fees is "reasonable," the Court also considers such factors as:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; ... (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.

Moon, 2009 WL 111678 at * 4.(citing Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1544 n. 2 (11th Cir.1985) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974)).

*(a) Reasonable Rate*

The Plaintiff's Counsel, Kelly Amritt, of Morgan & Morgan, P.A. states that she expended thirty-four and one half hours (34.5) at $300.00 per hour for a total of $9,130.25. Courts in the Middle District of Florida have found that $300.00 per hour for Atty. Amritt's representation in an FLSA case is unreasonable. Moon, 2009 WL 111678 at * 4; Kirby v JK Lockwood Construction Co., Inc., 2008 WL 4298214 * 2 (M.D. Fla. September 16, 2008) (finding that Atty. Amritt's rate of $300.00 per hour should be lowered to $150.00). Thus, the Court will adopt the standard set in the Middle District of Florida for someone of Atty. Amritt's experience. The Court therefore, concludes that a rate of $300.00 per hour, in an FLSA case, for Atty. Amritt is unreasonable and respectfully recommends that she be paid the going rate set in the Middle District of $150.00 per hour.

Melissa Arroyo, Atty. Amritt's paralegal billed 3.4 hours at an hourly rate of $95.00 per hour, which is an acceptable rate in the Middle District of Florida.

### *(b) Whether the Hours Billed were Reasonable*

Atty. Amritt states that she and her paralegal Melissa Arroyo (MWA) spent thirty-four and a half hours (34.50) working on this case. Atty. Amritt attached detailed time sheet setting forth the hours she billed, however, not all of the billing hours are allowable in this case.

The Defendant objects to Atty. Amritt's billing hours because she did not communicate to the Plaintiff the Defendant's offer to settle the case for $5,000.00 as far back as June of 2009, the Plaintiff billed hours for responding to the Court's Order to Show Cause; and because the Plaintiff did not provide prior notice of the case before filing the law suit.

The Defendant objects that no pre-suit notice was provided for Counsel. The Defendant relies on the decision by the Eleventh Circuit in Sahyers v. Prugh, Holliday, & Karatinos, P.L., 560 F. 3d 1241, 1245 (11th Cir. 2009). The Sahyers Court affirmed a District Court decision denying attorney's fees to the prevailing plaintiff because the plaintiff failed to provide prior notice to the defendant before filing the law suit. Id. However, the Sahyers Court held that each case was fact intensive and that the FLSA did not require pre-suit notification. Id. In Sahyers, unlike this case, the Defendant was a local law firm and the Plaintiff, a paralegal in that firm. The Court found that the attorneys had a professional obligation to one another to provide notice as a professional courtesy. Id. Thus, the Plaintiff's objection is not well taken.

The Defendant also argues that no attorney's fees should be awarded to the Plaintiff after the Defendant made an offer to settle the case in June of 2009. The Defendant's objection is well taken. The Defendant should not be liable for the Plaintiff's Counsel's failure to comply with Court ordered deadlines. On February 26, 2009, the Plaintiff's Counsel billed .50 hours for preparation

for Response to Order to Show, .10 hours to prepare NOP & CIP related to the Order to Show cause, and billed .10 hours for reviewing the Court's Order that no further action would be taken regarding the Order to Show Cause for a total of .70 hours at $150.00 per hour for a total reduction of $105.00.

The Defendant also objects to the Plaintiff's billing .30 hours for a motion to extend time to file answers to interrogatories. The Defendant bases its objection on the fact that the Motion was filed over a month after the Plaintiff had violated the Court's third Order directing the Plaintiff to file his answers. The Courts in the Middle District of Florida have found that charging fees to one's adversary such as fees related to motions to extend time based upon the attorney's difficulty communicating with the client were not reasonable. Shoultz v Petroleum Techniques, Inc., 2009 WL 891913 * 2 (M.D. Fla. April 1, 2009). The Court finds that the fee to enlarge time to file answers to the Court's interrogatories thirty (30) days after the Court's third Order directing the Plaintiff answer the questions is unreasonable. Thus, the attorney's fees will be reduced by .30 of an hour at $150.00 for a reduction of $45.00.

Therefore the Court respectfully recommends that the Plaintiff's attorney's fees be reduced by reducing the hourly rate from $300.00 per hour to $150.00 per hour and further reduced by one hour or $150.00 for actions related to the Order to Show cause and for the Motion to enlarge time.

### *(3) Costs*

The Plaintiff submitted a Matter Cost Ledger for $807.81. However, the Bill of Costs is not on the proper form used by the Middle District of Florida. The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff. The Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted 28 U.S.C. § 1920. Moon, 2009 WL 111678 at * 6. Twenty eight U.S.C. § 1920 reads in pertinent part:

> [a] judge or clerk of any court of the Untied States may tax as costs the following:
>> (1) Fees of the clerk and marshal;
>> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>> (3) Fees and disbursements for printing and witnesses;
>> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>> (5) Docket fees under section 1923 of this title;
>> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment decree.

Trial courts are accorded great latitude in ascertaining taxable costs, however, absent explicit statutory authorization, federal courts are limited to taxing costs specifically enumerated in 28 U.S. § 1920. EEOC v. W & O, Inc., 213 F. 3d 600, 620 (11th Cir. 2001). Furthermore, it is within the court's discretion to deny a full award of costs; however, the court must have and state a sound reason for doing so. Chapman v. A.I. Transport, 229 F. 3d 1012, 1039 (11th Cir. 2000).

The Plaintiff filed two entries for a process server, one for $180.00 for process server Caplan, Caplan and Caplan, and the second for $45.60 noted as Lexis Nexis Court Link Inc., Disbursement for Process Service. The $180.00 for process service also stated as advance for Client is due to be denied. There is also an expense disbursement for Richard Celler for $8.80, but that expense is not explained so that expense is denied. The Plaintiff also seeks travel expenses for Attorney Amritt in the amount of $200.55. Attorney travel expenses are not recoverable under § 1920. Travel expenses were also submitted for Luis Serrano for $9.36. Serrano is not identified as a witness or counsel and neither is there an explanation why Serrano is entitled to travel expenses and therefore, that request is denied.

There are also $11.25 in phone call expenses. Phone call expenses are not recoverable under § 1920. The postage fee for $2.25 is also disallowed under § 1920. However, the Plaintiff's filing fee for the Court of $350.00 dollars is recoverable.

Thus, the Court will allow the $350.00 in filing fees for the Clerk's Office and $45.60 for process server. It is respectfully recommended that the total costs to be awarded should be reduced to $395.60.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

(1) The Joint Motion for Approval of Settlement Agreement (Doc. #30) should be **GRANTED**.

(2) The Plaintiff, Daniel Taylor's Motion for an Award of Attorney's Fees and Costs (Doc. #34) should be **GRANTED,** but reduced as follows.

(A) The Plaintiff's Motion for Attorney's Fees should be reduced to $150.00 per hour for a total of 30.1 hours for Atty. Kelly Amritt, and 3.4 hours for paralegal Melissa Arroyo at $95.00 per hour to be paid as follows:

Atty. Kelly Amritt..................................... $4,515.00

Melissa Arroyo .......................................... $323.00

Total.........................................................$4,838.00

(B) The Plaintiff's Motion for Costs should be paid in the amount of $395.60.

(C) Total Costs and Attorney's Fees should be paid in the amount of **$5,233.60.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** at Fort Myers, Florida, this   13th   day of April, 2010.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record